AO 241
(Rev. 10/07)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Eastern District of Louisiana |
|---|---|
| Name (under which you were convicted): Gregory Lee Hartshorn | Docket or Case No.: 2:15-cv-01915 |
| Place of Confinement: Elayn Hunt Correctional Center | Prisoner No.: 250861   C(l) |
| Petitioner (include the name under which you were convicted) Gregory L. Hartshorn | Respondent (authorized person having custody of petitioner) v. Robert Tanner, Warden |
| The Attorney General of the State of Louisiana   James (Buddy) Caldwell | |

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    24th Judicial District Court, Parish of Jefferson, State of Louisiana

    (b) Criminal docket or case number (if you know): 07-2393

2.  (a) Date of the judgment of conviction (if you know): September 17, 2007

    (b) Date of sentencing: September 17, 2007

3.  Length of sentence: 10 years hard labor without benefits of parole, probation or suspension of sentence

4.  In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☒ No

5.  Identify all crimes of which you were convicted and sentenced in this case:
    One Count of Carjacking

6.  (a) What was your plea? (Check one)

    ☐ (1)  Not guilty           ☐ (3)  Nolo contendere (no contest)
    ☒ (2)  Guilty               ☐ (4)  Insanity plea

**TENDERED FOR FILING**

**JUN 15 2015**

**U.S. DISTRICT COURT**
**Eastern District of Louisiana**
**Deputy Clerk**

&AO 241 (Rev. 10/07)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☐ No

8. Did you appeal from the judgment of conviction?

X☒ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Louisiana Supreme Court

(b) Docket or case number (if you know): Not Known

(c) Result: Denied

(d) Date of result (if you know): June 4, 2010

(e) Citation to the case (if you know): Not Known

(f) Grounds raised: See 2254 Memorandum

(g) Did you seek further review by a higher state court?   ☐ Yes   ☐ No

If yes, answer the following:

(1) Name of court: Louisiana Supreme Court is the State's highest Court

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241
(Rev. 10/07)

Page 4

  (5) Citation to the case (if you know):

  (6) Grounds raised:

 (h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

  If yes, answer the following:

  (1) Docket or case number (if you know):

  (2) Result:

  (3) Date of result (if you know):

  (4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

 (a)   (1) Name of court: 24th J.D.C.

  (2) Docket or case number (if you know): 07-2393

  (3) Date of filing (if you know): Unknown

  (4) Nature of the proceeding: Application for Post Conviction Relief

  (5) Grounds raised: Ineffective Assistance of Counsel

  (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

  ☐ Yes   ☒ No

  (7) Result:

  (8) Date of result (if you know):

AO 241 (Rev. 10/07)                                                                                          Page 5

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: 24th J.D.C.

    (2) Docket or case number (if you know): 07-2393

    (3) Date of filing (if you know): March 18, 2014

    (4) Nature of the proceeding: Post Conviction Relief based on New Evidence

    (5) Grounds raised: Ineffective assistance of counsel for failing to investigate exculpatory evidence, and Brady v. Maryland violation for the prosecutions failing to disclose this exculpatory evidence after request was made during discovery. SEE 2254 MEMORANDUM IN THIS MATTER

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes ☒ No

    (7) Result: Denied

    (8) Date of result (if you know): March 24, 2014

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

AO 241 (Rev. 10/07)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☒ Yes   ☐ No
(2) Second petition: ☒ Yes   ☐ No
(3) Third petition:  ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

I did appeal to the Louisiana Supreme Court and all exhibit evidence and State Court denials are attached to the 2254 Memorandum concerning this case.

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Ineffective assistance of counsel for failing to investigate the exculpatory evidence proving petitioner's innocence to carjacking.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The affidavit of Oath by attorney Claude Kelly is attached to the 2254 Memorandum concerning this case. Mr. Claude Kelly cleary testifies that had he investigate what i have always told him was true, he would not have advised me to plead guilty.
SEE AFFIDAVIT OF COUNSEL CLAUDE KELLY ATTACHED TO 2254 MEMORANDUM

(b) If you did not exhaust your state remedies on Ground One, explain why:

I have exhausted all State remedies

AO 241 (Rev. 10/07)

Page 7

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☒ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Application for post conviction relief filed by attorney Roger W. Jordan

Name and location of the court where the motion or petition was filed: 24th J.D.C.

Docket or case number (if you know): 07-2393

Date of the court's decision: March 24, 2014

Result (attach a copy of the court's opinion or order, if available): Denial is attached to 2254 Memorandum concerning this case.

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Louisiana Supreme Court

Docket or case number (if you know): 2014-KP-1344

Date of the court's decision: March 27, 2015

Result (attach a copy of the court's opinion or order, if available): A copy of the decision is attached to petitioner's 2254 Memorandum filed in this case.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:** Brady v. Maryland violation comitted by the District Attorney's Office of Jefferson Parish

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I filed a pro se motion for discovery requesting any/all evidence in the possession of the prosecution to support my long maintained claim that I never comitted carjacking. The state withheld exculpatory evidence proving my claim. SEE EVIDENCE OF CLAIM ATTACHED TO PETITIONER" 2254 MEMORANDUM FILED IN THIS CASE.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

ALL STATE COURT REMEDIES HAVE BEEN FULLY EXHAUSTED

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

THIS IS A NEWLY DISCOVERED EXCULPATORY EVIDENCE CLAIM

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Appliction Post Conviction relief filed by attorney Roger W. Jordan

Name and location of the court where the motion or petition was filed:

24th J.D.C

Docket or case number (if you know): 2014-KP-1344

Date of the court's decision: March 27, 2015

AO 241
(Rev. 10/07)

Page 9

Result (attach a copy of the court's opinion or order, if available):

A COPY OF THE SUPREME COURT DECISION IS ATTACHED TO THE 2254 MEMORANDUM FILED IN THIS CASE.

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

SAME AS ABOVE

Docket or case number (if you know): SAME AS ABOVE

Date of the court's decision: SAME AS ABOVE

Result (attach a copy of the court's opinion or order, if available):

A COPY OF THE SUPREME COURT DECISION IS ATTACHED TO THE 2254 MEMORANDUM FILED IN THIS CASE

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two

GROUND THREE: NOT APPLICABLE

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 10/07)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

    NOT APPLICABLE

(c)   **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d)   **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

      ☐ Yes   ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

      NOT APPLICABLE

    Docket or case number (if you know):   NOT APPLICABLE

    Date of the court's decision:   NOT APPLICABLE

    Result (attach a copy of the court's opinion or order, if available):

      NOT APPLICABLE

    (3) Did you receive a hearing on your motion or petition?   N/A   ☐ Yes   ☐ No

    (4) Did you appeal from the denial of your motion or petition?   N/A   ☐ Yes   ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

      NOT APPLICABLE

    Docket or case number (if you know):   N/A

    Date of the court's decision:   N/A

    Result (attach a copy of the court's opinion or order, if available):

      NOT APPLICABLE

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

NOT APPLICABLE

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

NOT APPLICABLE

**GROUND FOUR:**   NOT APPLICABLE

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
NOT APPLICABLE

(b) If you did not exhaust your state remedies on Ground Four, explain why:
NOT APPLICABLE

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   N/A  ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:  N/A

(d) **Post-Conviction Proceedings:**   NOT APPLICABLE

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241 (Rev. 10/07)

Page 12

Name and location of the court where the motion or petition was filed:

NOT APPLICABLE

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

NOT APPLICABLE

(3) Did you receive a hearing on your motion or petition? N/A  ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? N/A  ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

NOT APPLICABLE

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

NOT APPLICABLE

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

NOT APPLICABLE

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

NOT APPLICABLE

AO 241
(Rev. 10/07)

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? XX☒ Yes  ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

   ALL GROUNDS IN VIOLATION OF THE U.S. CONSTITUION HAVE BEEN PRESENTED TO THE STATES HIGHEST COURT

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☐ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒XNo

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

AO 241 (Rev. 10/07)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea: CLAUDE KELLY, FEDERAL DEFENDER FOR THE U.S. EASTERN DISTRICT COURT OF LOUISIANA

(c) At trial:

(d) At sentencing: SAME AS ABOVE

(e) On appeal:

BRUCE WHITTAKER, LOUISIANA APPELLATE PROJECT

(f) In any post-conviction proceeding:

ROGER W. JORDAN NEW ORLEANS LOUISIANA

(g) On appeal from any ruling against you in a post-conviction proceeding:

ROGER W. JORDAN

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

NOT APPLICABLE

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence: NOT APPLICABLE

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

The affidavit of Federal Defender Claude Kelly was not obtained until March 17, 2014, as well as the discovery of the withheld exculpatory evidence discovered in the district attorny's case file until September 12, 2013.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241     Page 16
(Rev. 10/07)

   (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

Vacate the unconstitutional conviction and guilty plea in this case. In the very minimal, order an evidentiary hearing in this matter without any delay.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on    6/11/15    (month, date, year).

Executed (signed) on    6/11/15    (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Gregory L. Hartshorn #250861
E.H.C.C. Fox 3 "B"
P.O. Box 174
St. Gabriel, La 70776

**(LEGAL MAIL)**

United States District Court
Eastern District Of Louisiana
500 Poydras Street/Rm. C151
New Orleans, Louisiana 70130