**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GREGORY LEE HARTSHORN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1915** |
| **ROBERT TANNER, WARDEN** | **SECTION "C"(1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Gregory Lee Hartshorn, is a state prisoner incarcerated at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana. In 2007, he pleaded guilty to carjacking under Louisiana law and was subsequently sentenced as a second offender to a term of ten years imprisonment without benefit of probation, parole, or suspension of sentence. It is that state criminal judgment which he seeks to challenge in the instant petition. However, he previously sought federal *habeas corpus* relief with respect to that same judgment, and his petition was denied

with prejudice on the merits. Hartshorn v. Prince, Civ. Action No. 12-1359, 2012 WL 3860469 (E.D. La. July 30, 2012), adopted, 2012 WL 3862352 (E.D. La. Sept. 5, 2012).

In light of the foregoing, his options for again seeking *habeas* relief are now extremely limited. Specifically, a federal district court has no jurisdiction to consider a "second or successive" *habeas* petition unless the petitioner first obtains authorization for its filing. Burton v. Stewart, 549 U.S. 147, 152 (2007). As the United States Supreme Court explained:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); Gonzalez v. Crosby, 545 U.S. 524, 529-530, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005); see also Felker v. Turpin, 518 U.S. 651, 656-657, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).

Burton, 549 U.S. at 152-53.

Petitioner in fact sought such authorization by filing with the United States Fifth Circuit Court of Appeals a motion for leave to file a second or successive petition raising the same claims he now asserts in the instant petition. However, on May 15, 2015, the Court of Appeals *denied* authorization. *In re* Gregory L. Hartshorn, No. 15-30362 (5th Cir. May 15, 2015). A copy of that decision is attached to this Report and Recommendation.

Despite the fact that the Court of Appeals expressly denied petitioner authorization to file the instant petition, he filed it anyway. Because this Court lacks jurisdiction to consider petitioner's claims for the reasons already noted, the question is where to go from here. Two options

are available: transfer this matter to the United States Fifth Circuit Court of Appeals for the required authorization or dismiss it for lack of jurisdiction.

As a routine practice, this District normally elects to pursue the former course. In *In re* Epps, 127 F.3d 364 (5th Cir. 1997), the United States Fifth Circuit Court of Appeals indicated that such transfers were appropriate and established a procedure for handling them. However, while such transfers are appropriate, they are not mandatory. See, e.g., Jacquet v. Cooper, Civ. Action No. 6:12-cv-0403, 2012 WL 2049951, at *3 (W.D. La. May 9, 2012), adopted, 2012 WL 2050085 (W.D. La. June 5, 2012); see also Evans v. Cain, Civ. Action No. 12-0614, 2012 WL 6697152, at *11 (E.D. La. Nov. 5, 2012), adopted, 2012 WL 6697144 (E.D. La. Dec. 21, 2012).

Here, the undersigned recommends that the Court deviate from its normal practice. Simply put, it would serve no purpose to construe the petition in part as a motion for authorization and transfer it to the United States Fifth Circuit Court of Appeals, in that the Court of Appeals has already expressly denied authorization. Because there is no reasonable probability that the Court of Appeals would now grant authorization if this matter were transferred, the undersigned recommends that the petition instead be dismissed for lack of subject matter jurisdiction in the interest of judicial economy. See, e.g., Wetzel v. LeBlanc, Civ. Action No. 13-519, 2013 WL 5739082 (E.D. La. Oct. 22, 2013).

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Gregory Lee Hartshorn be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[1]

New Orleans, Louisiana, this twenty-seventh day of July, 2015.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30362

In re: GREGORY L. HARTSHORN,

A True Copy
Certified order issued May 15, 2015

Movant

*Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

Motion for an order authorizing
the United States District Court for the
Eastern District of Louisiana, New Orleans to consider
a successive 28 U.S.C. § 2254 application

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:

  Gregory L. Hartshorn, Louisiana prisoner # 250861, requests authorization from this court to file a successive 28 U.S.C. § 2254 application challenging his 2007 conviction for carjacking. He seeks to argue that: (1) trial counsel was ineffective in failing to investigate the case and obtain a 911 recording which would have supported his repeated assertions that the crime at issue was a theft and not a carjacking; and (2) the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding the exculpatory 911 recording.

  Hartshorn has failed to make a prima facie showing that either: (1) his claims rely on a previously unavailable new rule of constitutional law that was made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for his claims could not have been discovered previously through the exercise of due diligence, and the underlying facts, if proven, would establish by clear and convincing evidence that, but for the constitutional

Case: 15-30362    Document: 00513045288    Page: 2    Date Filed: 05/15/2015
Case 2:15-cv-01915-HGB   Document 4   Filed 07/27/15   Page 6 of 6

No. 15-30362

error, no reasonable trier of fact would have found him guilty of the underlying offense.  *See* 28 U.S.C. § 2244(b)(2), (b)(3)(C).  Accordingly, IT IS ORDERED that Hartshorn's motion to file a successive § 2254 application is DENIED.